IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**THOMAS SAYRES,**

    **Plaintiff,**

**v.**                               **CIVIL ACTION NO. 1:10cv128**
                                               **(Judge Keeley)**

**WEXFORD HEALTH SOURCES,**
**WARDEN WILLIAM M. FOX,**
**JIM RUBENSTEIN, Commissioner, Division of Corrections,**

    **Defendants,**

## REPORT AND RECOMMENDATION

On August 19, 2010, the plaintiff initiated this case by filing a complaint against the above-named defendants. The plaintiff is proceeding *pro se* and *in forma pauperis.* This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2, and 28 U.S.C. §§ 1915(e) and 1915(A).

**I. The Complaint**

In the complaint the plaintiff asserts he is being denied Neurotin, which he indicates is a nerve medication that he has been taking for years. The plaintiff further alleges that he has been denied this medication despite his numerous attempts since March of 2010, to follow procedures with the nursing staff, doctors, and the grievance process. For relief, the plaintiff requests that Wexford Health Sources send him to a capable, independent, outside specialist to examine him and determine what can be done to alleviate "this problem." In addition, the plaintiff seeks compensatory damages because he does not feel that he has been treated as he would have been were he not incarcerated. Finally, he requests that

the entire Wexford Medical staff be reviewed by an established, independent review board, and "be terminated from the D.O.C., if it is in violation of any civil rights."(Doc. 1, p. 5).

## II. STANDARD OF REVIEW

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must view the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. §1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. §1915(e).

A complaint is frivolous if it is without merit either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim under Fed.R.Civ.P. 12( b)(6) is not automatically frivolous. See Neitzke at 328. Section 1915(e) dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25.32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. Analysis

### A. Wexford Health Sources

Although not specifically articulated, a liberal reading of the plaintiff's complaint indicates that

---

[1] Id. at 327.

2

he is attempting to state a claim under 42 U.S.C. § 1983 which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982). However, it is clear that Wexford Medical, Inc., is not a "person" for purposes of 42 U.S.C. § 1983 and it should be dismissed as a defendant in this action. See Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989)(claims under § 1983 are directed at 'persons" therefore, a jail, or the like, is not amendable to suit.

**B. William M. Fox and Jim Rubenstein**

In his complaint, plaintiff names William M. Fox in his capacity as the Warden of St. Marys Correctional Center and Jim Rubenstein in his capacity as the Commissioner of the West Virginia Division of Corrections. However, the plaintiff does not alleges that either of these individuals was personally involved in the violation of his constitutional rights. Instead, plaintiff names them only in their official capacities.

There is no *respondeat superior* liability under § 1983. See Monnell v. Department of Social Services, 436 U.S. 658 (1978); see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997). Instead, "liability will lie where it is affirmatively shown that the official charged acted personally in the

3

deprivation of the plaintiff's rights." Vinnedge, supra. Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable under § 1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F.2d 1113 (4th Cir. 1982). Similarly, a supervisor may be liable under § 1983 if the following elements are established: "(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,' and (3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).[2]

Because the plaintiff fails to allege any personal involvement on the part of these defendants[3] and does not make any allegations which reveal the presence of the required elements for supervisory liability, plaintiff fails to state a claim against either Warden Fox or Commissioner Rubenstein, and they should be dismissed as a defendants in this action.

## IV. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the

---

[2]"Establishing a 'pervasive' and 'unreasonable' risk of harm requires evidence that the conduct is widespread, or at least has been used on several different occasions and that the conduct engaged in by the subordinate poses an unreasonable risk of harm or constitutional injury." Shaw, 13 F.3d at 799. "A plaintiff may establish deliberate indifference by demonstrating a supervisor's 'continued inaction in the face of documented widespread abuses.'" Id.

[3]To the extent that the plaintiff may be asserting that Warden Fox and Commissioner Rubenstein were deliberately indifferent to his needs by denying his administrative grievances, that claim is without merit because that is not the type of personal involvement required to state a claim. See Paige v. Kuprec, 2003 W.L. 23274357 *1 (D.Md. March 31, 2003).

4

plaintiff's complaint be **Dismissed with Prejudice** pursuant to 28 U.S.C. §915(e) for failure to state a claim upon which relief can be granted.

Any party may file within fourteen (14) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: September 20, 2010

                                              /s/ James E. Seibert
                                              JAMES E. SEIBERT
                                              UNITED STATES MAGISTRATE JUDGE